IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RORY A. WATSON, | § § § | |
| *Plaintiff,* | § § | SA-24-CV-00027-FB |
| vs. | § § § | |
| LLOYD J. AUSTINIII, SECRETARY, U.S. DEPARTMENT OF DEFENSE, DEFENSE COMMISSARY AGENCY; | § § § § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff's Motion for Default Judgment [#8]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's motion be denied.

**I.  Background and Analysis**

Plaintiff, who is proceeding *pro se*, seeks a default judgment against Defendant due to its failure to appear in this action. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff is not entitled to the requested default judgment because he has not demonstrated that Defendant was ever properly served with process. Therefore, Defendant is not in default.

1

On the same day Plaintiff filed his motion for default judgment, the undersigned issued an Order *sua sponte* extending the time for service of process on Defendant and providing Plaintiff with instructions on how to properly serve a federal officer under Rule 4(i) of the Federal Rules of Civil Procedure. The District Court should therefore deny the motion for default judgment. The undersigned will monitor Plaintiff's service of Defendant by the new service deadline of May 31, 2024.

## II.  Conclusion and Recommendation

Having considered the motion, the record, and the governing law, the undersigned recommends that Plaintiff's Motion for Default Judgment [#8] be **DENIED**.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file

timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 6th day of May, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

3