IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RORY A. WATSON,<br><br>*Plaintiff*,<br>V.<br><br>PETE HEGSETH, Secretary of Defense;<br>DEPARTMENT OF DEFENSE; and<br>DEFENSE COMMISSARY AGENCY,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. SA-24-CV-00027-FB |

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Report and Recommendation of United States Magistrate Judge (ECF No. 57) concerning Plaintiff's Motion for Reconsideration (ECF No. 47), Defendant Pete Hegseth's Motion for Summary Judgment (ECF No. 49), Plaintiff's Motion in Response to Defendant's Opposition to Plaintiff's Initial Summary Judgment Response (ECF No. 53), and Plaintiff's Motion to Strike Defendant's Untimely Response (ECF No. 56), along with Plaintiff's written objections (ECF Nos. 60 & 61) thereto.

Plaintiff, who is proceeding *pro se*, first objects to the Magistrate Judge's order denying his request to strike Defendant's response to his motion for leave to file a sur-reply as untimely. The standard of review for matters decided by a Magistrate Judge and appealed to the District Court is found in rule 72(a) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 72(a). Rule 72(a) provides in part:

> The district judge in the case must consider timely objections and modify or set aside any part of the other order that is clearly erroneous or is contrary to law.

*Id.; see also* W. DIST. LOC. R. app. C, 4(a) (citing 28 U.S.C. § 636(b)(1)(A) which provides that "[a] judge of the [district] court shall consider the appeal and shall set aside any portion of magistrate judge's order found to be clearly erroneous or contrary to law").

The Court agrees with the Magistrate Judge that there is no basis for striking Defendant's response. As set forth in the report and recommendation, Plaintiff believes the response was due by October 24, 2025, and was untimely filed on October 27, 2025. Yet the challenged response was filed in response to Plaintiff's motion for leave, which was filed on October 23, 2025. Defendant had seven days to file a response to Plaintiff's case management motion under this Court's Local Rules, making the response due October 30, 2025. See W.D. Tex. Loc. R. CV-7(d). The response was therefore timely filed. Accordingly, the Court finds the order denying Plaintiff's motion to strike to be neither clearly erroneous nor contrary to law.

Turning to the recommendations in the report, where no party has objected the Court need not conduct a de novo review of the report's recommendations. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

Plaintiff objects to the Magistrate Judge's recommendation that Defendant's motion for summary judgment on Plaintiff's remaining Title VII and Rehabilitation Act claims be granted. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the

objections. After due consideration, the Court concludes the objections lack merit. The Court agrees with the Magistrate Judge that Defendant's motion for summary judgment should be granted.

As discussed in the report and recommendation, Plaintiff cannot prevail on his retaliation claims because he has failed to adequately exhaust his administrative remedies. (ECF No. 57, at 14-15) (noting that summary judgment record establishes Plaintiff did not pursue retaliation claims in the administrative proceedings based on failure to rehire him in reprisal for his EEO activity).

Even if Plaintiff's retaliation claims were properly exhausted, Plaintiff has failed to establish a *prima facie* case of retaliation or to rebut Defendant's legitimate non-retaliatory reasons for its decision not to re-hire Plaintiff for the same position after his termination. To establish a *prima facie* case of retaliation under the Rehabilitation Act, an employee must show that (1) he engaged in protected activity, (2) an adverse employment action occurred, and (3) a causal link exists between the protected activity and the adverse employment action. *Besser v. Texas. Gen. Land Off.*, 834 Fed. App'x 876, 886 (5th Cir. 2020). Plaintiff's burden for Title VII retaliation is the same. *Wright v. Union Pac. R.R.*, 990 F.3d 428, 433 (5th Cir. 2021).

Plaintiff sent an informal letter to Defendant complaining about how he was being treated by management in August 2019, but has not shown that this letter is protected activity under Title VII or the Rehabilitation Act. The August 2019 letter is also too far removed in time from the non-selection in July 2020, almost a year later. *See Heath v. Board of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 742 (5th Cir. 2017), as revised (Mar. 13, 2017). Finally, Plaintiff has produced no evidence of any causal connection between his letter and the failure of Defendant to re-hire him for the same position from which he was terminated just months earlier. Indeed, Plaintiff declared under penalty of perjury that he did not believe retaliation of any kind was the cause of his not being selected for the position. (ECF No. 49-1, at 183, 210).

Finally, even if Plaintiff could state a *prima facie* case of retaliation under Title VII or the Rehabilitation Act, he has not produced sufficient evidence to overcome Defendant's proffered legitimate non-discriminatory basis for his non-selection. As explained in the report and recommendation:

> The record contains over twenty-two documents reflecting Watson's failure to perform the duties of the produce manager position. These counseling documents were provided to Watson at the time they were prepared, so Watson was aware that his employer was perceiving his performance as sub-standard. Watson failed to disclose on his resume and application that he was terminated for issues with performance.

(ECF No. 57, at 18) (citing ECF No. 49-1, at 1).

In his objections, Plaintiff repeatedly argues as he has throughout this proceeding that he has generated a fact issue regarding the intentional manipulation of various codes on his employment application. Yet, even if the Court accepted Plaintiff's representations that his evidence shows such issues with the application process, he still cannot prevail on his retaliation claim based on a failure to re-hire him. "He is not clearly better qualified than other hired or rejected candidates such that no reasonable person would have hired him instead of the candidates that were hired." *Awe v. Harris Health Sys*., 163 F.4th 969, 974 (5th Cir. 2026) (internal quotation omitted). The fact that Plaintiff was terminated from the position for well-documented issues with performance during the probationary period of his employment with Defendant forecloses this possibility. In sum, Defendant is entitled to summary judgment on Plaintiff's remaining retaliation claims for failure to exhaust, failure to establish a prima facie case, and failure to rebut the legitimate non-retaliatory reasons for his non-selection.

IT IS THEREFORE ORDERED that the Report and Recommendation of the United States Magistrate Judge (ECF No. 57) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that the Magistrate Judge's order denying Plaintiff's Motion to Strike Defendant's Untimely Response (ECF

No. 56) is AFFIRMED, Plaintiff's Motion for Reconsideration (ECF No. 47) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 49) is GRANTED such that all remaining claims and this case are DISMISSED.

. IT IS FINALLY ORDERED that remaining motions pending with the Court, if any, are Dismissed as Moot and this case is now CLOSED.

It is so ORDERED.

SIGNED this 25th day of September, 2026.

FRED BIERY

UNITED STATES DISTRICT JUDGE